1  |  LAW OFFICES OF DALE K. GALIPO
2  |  Dale K. Galipo, Esq. (Bar No. 144074)
   |  dalekgalipo@yahoo.com
3  |  Renee Masongsong (Bar No. 281819)
   |  rvalentine@galipolaw.com
4  |  21800 Burbank Boulevard, Suite 310
   |  Woodland Hills, California  91367
5  |  Tel:  (818) 347-3333
   |  Fax:  (818) 347-4118

MORALES & LEANOS
Jaime A. Leanos, Esq. (Bar No. 159471)
jleanoslaw@pacbell.net
75 E. Santa Clara St., Suite 250
San Jose, CA 95113
Telephone: (408) 294-6800
Facsimile: (408) 294-7102

6

7

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

8

9 | R.S., a minor, by and through his
10 | guardian *ad litem* Jessica Moreno,
   | individually and as successor in interest
11 | to Rudy Santillan, Sr., deceased, and
   | JORGE VICENTE, individually
12
   |          Plaintiffs,
13
14 |     vs.
15 | COUNTY OF STANISLAUS;
   | DANNY ANDERSON; MIGUEL
16 | GARCIA; ERIC TORRES; DUSTIN
   | WILLEY; ALBERTO NAVARRO;
17 | ERIC GARCIA; BENJAMIN
18 | CARNES; BARRY BALANCE;
   | MORIN YOM; COLTON HUGHES;
19 | ROBERT DOMINGOS and DOES 1-
20 | 10, inclusive,
21 |          Defendants.

Case No. 2:20-cv-00821

**COMPLAINT FOR DAMAGES**
  1. Unreasonable Search and
     Seizure—Detention and Arrest (42
     U.S.C. § 1983)
  2. Unreasonable Search and
     Seizure—Excessive Force (42
     U.S.C. § 1983)
  3. Unreasonable Search and
     Seizure—Denial of Medical Care
     (42 U.S.C. § 1983)
  4. Due Process—Interference with
     Familial Relationship (42 U.S.C. §
     1983)
  5. Municipal Liability – Ratification
     (42 U.S.C. § 1983)
  6. Municipal Liability – Inadequate
     Training (42 U.S.C. § 1983)
  7. Municipal Liability –
     Unconstitutional Custom, Practice,
     or Policy (42 U.S.C. § 1983)
  8. False Arrest/False Imprisonment
  9. Battery (wrongful death and
     survival)
  10. Negligence (wrongful death and
      survival)
  11. Violation of Cal. Civil Code § 52.1
  12. Negligent Infliction of Emotional
      Distress

**DEMAND FOR JURY TRIAL**

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs R.S., a minor, by and through his guardian *ad litem* Jessica Moreno, individually and as successor in interest to Rudy Santillan, Sr., deceased, and Jorge Vicente, individually, for their Complaint against Defendants County of Stanislaus, Danny Anderson, Miguel Garcia, Eric Torres, Dustin Willey, Alberto Navarro, Eric Garcia, Benjamin Carnes, Barry Balance, Morin Yom, Colton Hughes, Robert Domingos, and Does 1-10, inclusive, and allege as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**INTRODUCTION**

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the in-custody death of Plaintiffs' father and stepson, Rudy Santillan, Sr. ("DECEDENT"), on July 16, 2019.

**PARTIES**

4.     At all relevant times, DECEDENT was an individual residing in the City of Modesto, California.

5.     Plaintiff R.S., a minor, is an individual residing in the City of Modesto, California and is the natural son of DECEDENT.  R.S. sues in his individual capacity as the son of DECEDENT and also as the successor in interest to DECEDENT.  R.S. seeks both survival and wrongful death damages under federal and state law.

6.     Plaintiff JORGE VICENTE ("VICENTE") is an individual residing in the City of Stanislaus, California and is the stepfather of DECEDENT.  VICENTE sues in his individual capacity and seeks compensatory damages for negligent infliction of emotional distress.

7.     At all relevant times, Defendant COUNTY OF STANISLAUS ("COUNTY") is and was a municipal corporation existing under the laws of the State of California.  COUNTY is a chartered subdivision of the State of California with the capacity to be sued.  COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Stanislaus County Sheriff's Department and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Stanislaus County Sheriff's Department and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, COUNTY was the employer of Defendants DOES 1-10.

8.     Defendant DANNY ANDERSON ("ANDERSON") is a sergeant working for the Stanislaus County Sheriff's Department.  At all relevant times, ANDERSON was acting under color of law within the course and scope of his duties as a sergeant for the Stanislaus County Sheriff's Department and was acting with the complete authority and ratification of his principal, Defendant COUNTY.

9.     Defendant MIGUEL GARCIA is a deputy sheriff working for the Stanislaus County Sheriff's Department.  At all relevant times, MIGUEL GARCIA was acting under color of law within the course and scope of his duties as a sergeant for the Stanislaus County Sheriff's Department and was acting with the complete authority and ratification of his principal, Defendant COUNTY.

10.     Defendant ERIC GARCIA is a deputy sheriff working for the Stanislaus County Sheriff's Department.  At all relevant times, ERIC GARCIA was acting under color of law within the course and scope of his duties as a sergeant for the Stanislaus County Sheriff's Department and was acting with the complete authority and ratification of his principal, Defendant COUNTY.

11.     Defendant ERIC TORRES ("TORRES") is a deputy sheriff working for the Stanislaus County Sheriff's Department.  At all relevant times, TORRES was acting under color of law within the course and scope of his duties as a sergeant for the Stanislaus County Sheriff's Department and was acting with the complete authority and ratification of his principal, Defendant COUNTY.

12.     Defendant DUSTIN WILLEY ("WILLEY") is a deputy sheriff working for the Stanislaus County Sheriff's Department.  At all relevant times, WILLEY was acting under color of law within the course and scope of his duties as a sergeant for the Stanislaus County Sheriff's Department and was acting with the complete authority and ratification of his principal, Defendant COUNTY.

13.     Defendant ALBERTO NAVARRO ("NAVARRO") is a deputy sheriff working for the Stanislaus County Sheriff's Department.  At all relevant times, NAVARRO was acting under color of law within the course and scope of his duties as a sergeant for the Stanislaus County Sheriff's Department and was acting with the complete authority and ratification of his principal, Defendant COUNTY.

14.     Defendant BENJAMIN CARNES ("CARNES") is a deputy sheriff working for the Stanislaus County Sheriff's Department.  At all relevant times, CARNES was acting under color of law within the course and scope of his duties as

a sergeant for the Stanislaus County Sheriff's Department and was acting with the complete authority and ratification of his principal, Defendant COUNTY.

15.    Defendant BARRY BALANCE ("BALANCE") is a deputy sheriff working for the Stanislaus County Sheriff's Department.  At all relevant times, BALANCE was acting under color of law within the course and scope of his duties as a sergeant for the Stanislaus County Sheriff's Department and was acting with the complete authority and ratification of his principal, Defendant COUNTY.

16.    Defendant MORIN YOM ("YOM") is a deputy sheriff working for the Stanislaus County Sheriff's Department.  At all relevant times, YOM was acting under color of law within the course and scope of his duties as a sergeant for the Stanislaus County Sheriff's Department and was acting with the complete authority and ratification of his principal, Defendant COUNTY.

17.    Defendant COLTON HUGHES ("HUGHES") is a deputy sheriff working for the Stanislaus County Sheriff's Department.  At all relevant times, HUGHES was acting under color of law within the course and scope of his duties as a sergeant for the Stanislaus County Sheriff's Department and was acting with the complete authority and ratification of his principal, Defendant COUNTY.

18.    Defendant ROBERT DOMINGOS ("DOMINGOS") is a deputy sheriff working for the Stanislaus County Sheriff's Department.  At all relevant times, DOMINGOS was acting under color of law within the course and scope of his duties as a sergeant for the Stanislaus County Sheriff's Department and was acting with the complete authority and ratification of his principal, Defendant COUNTY.

19.    Defendants DOES 1-5 ("DOE DEPUTIES") are deputy sheriffs working for the Stanislaus County Sheriff's Department.  At all relevant times, DOE DEPUTIES were acting under color of law within the course and scope of their duties as sheriff's deputies for the Stanislaus County Sheriff's Department.  DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

20.     Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of the Stanislaus County Sheriff's Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Stanislaus County Sheriff's Department.  DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

21.     On information and belief, Defendants ANDERSON, MIGUEL GARCIA, ERIC GARCIA, TORRES, WILLEY, NAVARRO, CARNES, BALANCE, YOM, HUGHES, DOMINGOS (hereinafter "the DEPUTY DEFENDANTS") and DOES 1-10 were residents of the County of Stanislaus.

22.     In doing the acts and failing and omitting to act as hereinafter described, the DEPUTY DEFENDANTS and Defendants DOE DEPUTIES were acting on the implied and actual permission and consent of Defendants DOES 6-10.

23.     In doing the acts and failing and omitting to act as hereinafter described, the DEPUTY DEFENDANTS and DOES 1-10 were acting on the implied and actual permission and consent of the COUNTY.

24.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend their complaint to show the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

25.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

26.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized

agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

27.    The DEPUTY DEFENDANTS (to reiterate, ANDERSON, MIGUEL GARCIA, ERIC GARCIA, TORRES, WILLEY, NAVARRO, CARNES, BALANCE, YOM, HUGHES, and DOMINGOS collectively) and DOES 1-10 are sued in their individual capacities.

28.    On or around December 4, 2018, Plaintiffs filed comprehensive and timely claims for damages with the County of Stanislaus pursuant to applicable sections of the California Government Code.

29.    On January 18, 2019, Plaintiffs' claims were rejected by operation of law.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

30.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 29 of their Complaint with the same force and effect as if fully set forth herein.

31.    On July 16, 2019, at approximately 4:30 p.m., the DEPUTY DEFENDANTS responded to a call that DECEDENT was displaying signs of mental illness.  The DEPUTY DEFENDANTS located DECEDENT in a vacant lot near the intersection of Frazier Street and Lassen Avenue.  DECEDENT attempted to run away, and as he did so, the DEPUTY DEFENDANTS tased DECEDENT, knocking him to the ground.  The DEPUTY DEFENDANTS used their body weight to hold DECEDENT down on the ground in a prone (face and chest down) position for a significant period of time.  While the DEPUTY DEFENDANTS held DECEDENT down on the ground in a prone position with weight on DECEDENT'S back, they deployed a K-9 against DECEDENT.  During the K-9 deployment and

after the K-9 bit DECEDENT, the DEPUTY DEFENDANTS continued to restrain DECEDENT in a prone position and continued to place weight on DECEDENT's back.  The DEPUTY DEFENDANTS handcuffed DECEDENT, and as they handcuffed him, they continued to restrain DECEDENT in a prone position and continued to place weight on DECEDENT's back.  After restraining DECEDENT with weight on his back for a significant period of time, DECEDENT became unresponsive while he was on the ground in a prone position.

32.    The use of force and restraint against DECEDENT was excessive and objectively unreasonable.  At all relevant times, including when the DEPUTY DEFENDANTS tased DECEDENT, knocked DECEDENT to the ground, deployed a K-9 against him, restrained him in a prone position on the ground, and placed their body weight on DECEDENT's back when he was restrained in a prone position on the ground, DECEDENT did not pose an immediate threat of death or serious bodily injury.  Additionally, DECEDENT was unarmed during this incident.

33.    After the DEPUTY DEFENDANTS used force against DECEDENT as described above, as well as during the deputies' continued prone restraint of DECEDENT, DECEDENT was in obvious and critical need of emergency medical care and treatment.  The DEPUTY DEFENDANTS did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

34.    Plaintiff VICENTE witnessed the use of excessive force against DECEDENT and had a contemporaneous awareness that DECEDENT was being injured and killed.  As a result of witnessing the use of excessive force against DECEDENT, Plaintiff VICENTE suffered severe emotional distress.

35.    Following and as a result of the DEPUTY DEFENDANTS' use of force against DECEDENT, DECEDENT was unresponsive and essentially dead at the scene of the incident.  DECEDENT was transported to the hospital after this

incident, where he survived for a period of time before passing away as a result of the DEPUTY DEFENDANTS' uses of excessive force and restraint.

36.     Plaintiff R.S. is DECEDENT's successor in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural child of DECEDENT.

37.     Plaintiffs were financially dependent on DECEDENT, to some extent, for the necessities of life.

38.     Plaintiffs incurred funeral and burial expenses as a result of the DEPUTY DEFENDANTS' use of force and restraint against DECEDENT.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)

(By Plaintiff R.S. against the DEPUTY DEFENDANTS)

39.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 38 of their Complaint with the same force and effect as if fully set forth herein.

40.     The DEPUTY DEFENDANTS detained DECEDENT without reasonable suspicion and arrested him without probable cause.  In addition to the detention itself being unreasonable, the scope and manner of the detention was unreasonable.

41.     When the DEPUTY DEFENDANTS restrained DECEDENT in a prone (face and chest down), and then placed him in handcuffs, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.     The conduct of the DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT

1  and therefore warrants the imposition of exemplary and punitive damages as to the

2  DEPUTY DEFENDANTS.

3       43.    As a result of their misconduct, the DEPUTY DEFENDANTS are

4  liable for DECEDENT's and Plaintiffs' injuries, either because the DEPUTY

5  DEFENDANTS were integral participants in the wrongful detention and arrest, or

6  because the DEPUTY DEFENDANTS failed to intervene to prevent these

7  violations.

8       44.    Plaintiff R.S. brings this claim as successor in interest to DECEDENT,

9  and seeks both survival and wrongful death damages for the violation of

10  DECEDENT's rights.  Plaintiffs also seek attorney's fees under this claim.

11

12  **<u>SECOND CLAIM FOR RELIEF</u>**

13  **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

14  (By Plaintiff R.S. against the DEPUTY DEFENDANTS)

15       45.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

16  through 44 of their Complaint with the same force and effect as if fully set forth

17  herein.

18       46.    On July 16, 2019, at approximately 4:30 p.m., the DEPUTY

19  DEFENDANTS responded to a call reporting that DECEDENT was displaying

20  signs of mental illness.  The DEPUTY DEFENDANTS located DECEDENT in a

21  vacant lot near the intersection of Frazier Street and Lassen Avenue.  DECEDENT

22  attempted to run away, and as he did so, the DEPUTY DEFENDANTS tased

23  DECEDENT, knocking him to the ground.  The DEPUTY DEFENDANTS used

24  their body weight to hold DECEDENT down on the ground in a prone (face and

25  chest down) position for a significant period of time.  While the DEPUTY

26  DEFENDANTS held DECEDENT down on the ground in a prone position, they

27  deployed a K-9 against DECEDENT.  During the K-9 deployment and after the K-9

28  bit DECEDENT, the DEPUTY DEFENDANTS continued to restrain DECEDENT

in a prone position and continued to place weight on DECEDENT's back.  The
DEPUTY DEFENDANTS handcuffed DECEDENT, and as they handcuffed him,
they continued to restrain DECEDENT in a prone position and continued to place
weight on DECEDENT's back.  After restraining DECEDENT with weight on his
back for a significant period of time, DECEDENT became unresponsive while he
was on the ground in a prone position.

47.     The use of force and restraint against DECEDENT was excessive and
objectively unreasonable.  At all relevant times, including when the DEPUTY
DEFENDANTS tased DECEDENT, knocked DECEDENT to the ground, deployed
a K-9 against him, restrained him in a prone position on the ground, and placed their
body weight on DECEDENT's back when he was restrained in a prone position,
DECEDENT did not pose an immediate threat of death or serious bodily injury.
Additionally, DECEDENT was unarmed during this incident.

48.     As a result of the foregoing, DECEDENT suffered great physical pain
and emotional distress up to the time of his death, loss of enjoyment of life, loss of
life, and loss of earning capacity.

49.     The conduct of the DEPUTY DEFENDANTS was willful, wanton,
malicious, and done with reckless disregard for the rights and safety of
DECEDENT, and therefore warrants the imposition of exemplary and punitive
damages as to the DEPUTY DEFENDANTS.

50.     As a result of their misconduct, the DEPUTY DEFENDANTS are
liable for DECEDENT's and Plaintiffs' injuries, either because the DEPUTY
DEFENDANTS were integral participants in the use of force and restraint, or
because the DEPUTY DEFENDANTS failed to intervene to prevent these
violations.

51.     Plaintiff R.S. brings this claim as successor in interest to DECEDENT,
and seeks both survival and wrongful death damages for the violation of
DECEDENT's rights.  Plaintiffs further seek attorney's fees under this claim.

**THIRD CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiff R.S. against the DEPUTY DEFENDANTS)

52.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 51 of their Complaint with the same force and effect as if fully set forth herein.

53.     After the DEPUTY DEFENDANTS used force and restraint against DECEDENT as described above, as well as during the continued prone restraint, DECEDENT was in obvious and critical need of emergency medical care and treatment.  The DEPUTY DEFENDANTS did not timely summon medical care or permit medical personnel to treat DECEDENT.

54.     The denial of medical care by the DEPUTY DEFENDANTS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

55.     As a result of the denial of medical care, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

56.     The DEPUTY DEFENDANTS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

57.     The conduct of the DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the DEPUTY DEFENDANTS.

58.     As a result of their misconduct, the DEPUTY DEFENDANTS are liable for DECEDENT's injuries, either because they were integral participants in

1  the denial of medical care, or because they failed to intervene to prevent these
2  violations.

3      59.   Plaintiff R.S. brings this claim as successor in interest to DECEDENT,
4  and seeks both survival and wrongful death damages for the violation of
5  DECEDENT's rights.  Plaintiffs further seek attorney's fees under this claim.

6

7                    **FOURTH CLAIM FOR RELIEF**

8    **Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

9       (By Plaintiffs VICENTE and R.S. against the DEPUTY DEFENDANTS)

10     60.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
11  through 59 of their Complaint with the same force and effect as if fully set forth
12  herein.

13     61.   Plaintiff R.S. had a cognizable interest under the Due Process Clause of
14  the Fourteenth Amendment of the United States Constitution to be free from state
15  actions that deprive him of life, liberty, or property in such a manner as to shock the
16  conscience, including but not limited to unwarranted state interference in Plaintiff's
17  familial relationship with his natural father, DECEDENT.

18     62.   Plaintiff VICENTE had a cognizable interest under the Due Process
19  Clause of the Fourteenth Amendment of the United States Constitution to be free
20  from state actions that deprive him of life, liberty, or property in such a manner as to
21  shock the conscience, including but not limited to unwarranted state interference in
22  Plaintiff's familial relationship with his stepson, DECEDENT.

23     63.   The aforementioned actions of the DEPUTY DEFENDANTS, along
24  with other undiscovered conduct, shock the conscience, in that they acted with
25  deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and
26  with purpose to harm unrelated to any legitimate law enforcement objective.

27     64.   The DEPUTY DEFENDANTS thus violated the substantive due
28  process rights of Plaintiffs to be free from unwarranted interference with their

familial relationship with DECEDENT, R.S.'s natural father and VICENTE's stepson.

65.     As a direct and proximate cause of the acts of the DEPUTY DEFENDANTS, the Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

66.     The conduct of the DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to the DEPUTY DEFENDANTS.

67.     Plaintiffs bring this claim individually and seek wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses and attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By Plaintiff R.S. against Defendants COUNTY and DOES 6-10)

68.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 67 of their Complaint with the same force and effect as if fully set forth herein.

69.     The DEPUTY DEFENDANTS acted under color of state law.

70.     The acts of the DEPUTY DEFENDANTS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

71.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of the DEPUTY DEFENDANTS ratified (or will ratify) the acts of the DEPUTY DEFENDANTS and the bases for them. Upon information and belief, the final policymaker knew of

1  and specifically approved of (or will specifically approve of) the acts of the

2  DEPUTY DEFENDANTS.

3      72.    Upon information and belief, a final policymaker has determined (or

4  will determine) that the acts of the DEPUTY DEFENDANTS were "within policy."

5      73.    On information and belief, the DEPUTY DEFENDANTS were not

6  disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection

7  with DECEDENT's death.

8      74.    By reason of the aforementioned acts and omissions, Plaintiffs have

9  suffered loss of the love, companionship, affection, comfort, care, society, training,

10  guidance, and past and future support of DECEDENT.  The aforementioned acts and

11  omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life,

12  and death.

13      75.    Accordingly, Defendants COUNTY and DOES 6-10 each are liable to

14  Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

15      76.    Plaintiff R.S. brings this claim as successor in interest to DECEDENT,

16  and seeks both survival and wrongful death damages under this claim.  Plaintiffs

17  also seek attorney's fees under this claim.

18

19  **SIXTH CLAIM FOR RELIEF**

20  **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

21  (By Plaintiff R.S. against Defendants COUNTY and DOES 6-10)

22      77.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

23  through 76 of their Complaint with the same force and effect as if fully set forth

24  herein.

25      78.    The DEPUTY DEFENDANTS acted under color of state law.

26      79.    The acts of the DEPUTY DEFENDANTS deprived DECEDENT and

27  Plaintiffs of their particular rights under the United States Constitution.

28

80.     The training policies of Defendant COUNTY were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

81.     Defendants COUNTY and SUPERVISORY DOES were deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

82.     The failure of Defendants COUNTY and SUPERVISORY DOES to provide adequate training caused the deprivation of the plaintiffs' rights by the DEPUTY DEFENDANTS; that is, the defendant's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

83.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

84.     Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

85.     Plaintiff R.S. brings this claim as successor in interest to DECEDENT, and seeks both survival and wrongful death damages under this claim.  Plaintiffs also seek attorney's fees under this claim.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(By Plaintiff R.S. against Defendants COUNTY and DOES 6-10)

86.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 85 of their Complaint with the same force and effect as if fully set forth herein.

87.     The DEPUTY DEFENDANTS acted under color of state law.

88.    The DEPUTY DEFENDANTS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

89.    The DEPUTY DEFENDANTS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

90.    The DEPUTY DEFENDANTS, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)    Using excessive force, including excessive prone restraint;

(b)    Providing inadequate training with respect to the use of force, the use of the taser, the use of the K-9, handling situations with mentally ill individuals, and the risks of positional and restraint asphyxia;

(c)    Employing and retaining as deputy sheriffs individuals such as the DEPUTY DEFENDANTS, whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)    Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies and other personnel, including the DEPUTY DEFENDANTS, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies;

(f)    Failing to adequately discipline COUNTY deputies for the above-referenced categories of misconduct, including "slaps on

the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified uses of force and restraint are "within policy," including incidents that were later determined in court to be unconstitutional;

(h) Even where uses of force and restraint are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police use-of-force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in the use of force and restraint of unarmed people.

91. The aforementioned unconstitutional customs, practices, and policies, in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior cases in which a jury has found force used by a deputy working for the Stanislaus County Sheriff's Department to be excessive and unreasonable.

92.     By reason of the aforementioned acts and omissions, Plaintiff R.S. has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

93.     Defendants COUNTY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

94.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

95.     Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

96.     Plaintiff R.S. brings this claim individually and as successor in interest to DECEDENT, and seeks both survival and wrongful death damages under this claim.  Plaintiffs also seek attorney's fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(By Plaintiff R.S. against Defendants COUNTY and the DEPUTY DEFENDANTS)

97.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 96 of their Complaint with the same force and effect as if fully set forth herein.

98.     The DEPUTY DEFENDANTS, while working as deputy sheriffs for the Stanislaus County Sheriff's Department and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, restraint, threats of force, menace, fraud, deceit, and unreasonable duress.  The DEPUTY DEFENDANTS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

99.     DECEDENT did not knowingly or voluntarily consent.

100.    The DEPUTY DEFENDANTS detained DECEDENT for an appreciable amount of time.

101.    The conduct of the DEPUTY DEFENDANTS was a substantial factor in causing the harm to DECEDENT.

102.    Defendant COUNTY is vicariously liable for the wrongful acts of the DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject her or her to liability.

103.    The conduct of the DEPUTY DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

104.    As a result of their misconduct, the DEPUTY DEFENDANTS are liable for DECEDENT's injuries, either because they were integral participants in

1  the wrongful detention and arrest, or because they failed to intervene to prevent

2  these violations.

3      105.   Plaintiff R.S. brings this claim as successor in interest to DECEDENT,

4  and seeks wrongful death damages under this claim.

5

6  **NINTH CLAIM FOR RELIEF**

7  **Battery** (wrongful death and survival)

8  (By Plaintiff R.S. against Defendants COUNTY and the DEPUTY

9  DEFENDANTS)

10      106.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

11  through 105 of their Complaint with the same force and effect as if fully set forth

12  herein.

13      107.   The DEPUTY DEFENDANTS, while working for the Stanislaus

14  County Sheriff's Department and acting within the course and scope of their duties,

15  tased DECEDENT as he was running away, knocking DECEDENT to the ground.

16  The DEPUTY DEFENDANTS then used their body weight to hold DECEDENT

17  down on the ground in a prone (face and chest down) position for a significant

18  period of time.  While the DEPUTY DEFENDANTS held DECEDENT down on

19  the ground in a prone position, they deployed a K-9 against DECEDENT.  During

20  the K-9 deployment and after the K-9 bit DECEDENT, the DEPUTY

21  DEFENDANTS continued to restrain DECEDENT in a prone position and

22  continued to place weight on DECEDENT's back.  The DEPUTY DEFENDANTS

23  handcuffed DECEDENT, and as they handcuffed him, they continued to restrain

24  DECEDENT in a prone position and continued to place weight on DECEDENT's

25  back.  After restraining DECEDENT with weight on his back for a significant

26  period of time, DECEDENT became unresponsive while he was on the ground in a

27  prone position.

28

108.   The use of force and restraint against DECEDENT was objectively unreasonable.  At all relevant times, including when the DEPUTY DEFENDANTS tased DECEDENT, knocked DECEDENT to the ground, deployed a K-9 against him, restrained him in a prone position on the ground, and placed their body weight on DECEDENT's back when he was restrained in a prone position, DECEDENT did not pose an immediate threat of death or serious bodily injury.  Additionally, DECEDENT was unarmed during this incident.

109.   As a result of the actions of the DEPUTY DEFENDANTS, DECEDENT suffered severe pain and suffering and ultimately died from his injuries.  The DEPUTY DEFENDANTS had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as a deputy sheriff was an unreasonable and nonprivileged use of force.

110.   As a direct and proximate result of the conduct of the DEPUTY DEFENDANTS as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

111.   The COUNTY is vicariously liable for the wrongful acts of the DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

112.   The conduct of the DEPUTY DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as the successor in interest to DECEDENT, to an award of exemplary and punitive damages as to the DEPUTY DEFENDANTS.

113.   Plaintiff R.S. brings this claim as successor in interest to DECEDENT and seeks wrongful death damages under this claim.

**TENTH CLAIM FOR RELIEF**

**Negligence** (wrongful death and survival)

(By Plaintiff R.S. against all Defendants)

114.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 113 of their Complaint with the same force and effect as if fully set forth herein.

115.   Deputy Sheriffs, including the DEPUTY DEFENDANTS, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

116.   The DEPUTY DEFENDANTS breached this duty of care.  The actions and inactions of the DEPUTY DEFENDANTS were negligent and reckless, including but not limited to:

      (a)   the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

      (b)   the negligent tactics and handling of the situation with DECEDENT;

      (c)   the negligent detention, arrest, restraint, and use of force against DECEDENT;

      (d)   the failure to provide prompt medical care to DECEDENT;

      (e)   the failure to properly train and supervise employees, including the DEPUTY DEFENDANTS, including a failure to train with respect to handling situations with the mentally ill and the failure to train with respect to the risks of positional and restraint asphyxia;

(f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT; and

(g)    the negligent communication of information during the incident.

117.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff R.S. has suffered emotional distress and mental anguish.  Plaintiff R.S. has also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.

118.   The COUNTY is vicariously liable for the wrongful acts of the DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject her or her to liability.

119.   Plaintiff R.S. brings this claim as successor in interest to DECEDENT, and seeks wrongful death damages under this claim.

## ELEVENTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(By Plaintiff R.S. against all Defendants)

120.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 119 of their Complaint with the same force and effect as if fully set forth herein.

121.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

122.   On information and belief, the DEPUTY DEFENDANTS, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by tasing DECEDENT, restraining him in a prone position with weight on his back, and deploying a K-9 against him, all without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.  The DEPUTY DEFENDANTS' intent to violate DECEDENT'S constitutional rights is demonstrated by their reckless disregard for DECEDENT'S constitutional rights.

123.   When the DEPUTY DEFENDANTS tased DECEDENT, deployed a K-9 against him, restrained him in a prone position with weight on his back for an appreciable amount of time, and then allowed him to lie bleeding on the pavement, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

124.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

125.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by the DEPUTY DEFENDANTS and DOE DEPUTIES were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

1   126.   The conduct of the DEPUTY DEFENDANTS was a substantial factor

2   in causing Plaintiffs' harms, losses, injuries, and damages.

3   127.   The COUNTY is vicariously liable for the wrongful acts of the

4   DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California

5   Government Code, which provides that a public entity is liable for the injuries

6   caused by its employees within the scope of the employment if the employee's act

7   would subject him or her to liability.

8   128.   Defendants DOES 6-10 are vicariously liable under California law and

9   the doctrine of *respondeat superior*.

10   129.   The conduct of Defendants was malicious, wanton, oppressive, and

11   accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights,

12   justifying an award of exemplary and punitive damages as to the DEPUTY

13   DEFENDANTS.

14   130.   Plaintiffs seek attorney's fees under this claim.

15

16   **TWELFTH CLAIM FOR RELIEF**

17   **Negligent Infliction of Emotional Distress**

18   (By Plaintiff VICENTE against Defendants COUNTY and the DEPUTY

19   DEFENDANTS)

20   131.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

21   through 130 of this Complaint with the same force and effect as if fully set forth

22   herein.

23   132.   The DEPUTY DEFENDANTS, while working as deputy sheriffs for

24   the County of Stanislaus Sheriff's Department and while acting within the course

25   and scope of their duties, negligently and carelessly inflicted severe emotional

26   distress upon VICENTE when they intentionally used force and restraint agasint

27   DECEDENT in front of VICENTE.

28

133.   Plaintiff VICENTE was present and/or near the scene of the incident of when the DEPUTY DEFENDANTS used force and restraint against DECEDENT. VICENTE was aware that DECEDENT was being injured at the time of the force and restraint used against him.

134.   As a direct and proximate cause of the DEPUTY DEFENDANTS' conduct, Plaintiff VICENTE was caused to suffer distress, including but not limited to anxiety, anguish, humiliation, and other injuries to his nervous system.

135.   VICENTE is the stepfather of DECEDENT.  At the time of this incident, VICENTE and DECEDENT were closely related, shared a household, and had a significant, close, and loving parent-child relationship.

136.   Plaintiff VICENTE brings this claim in his individual capacity and seeks compensatory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs R.S., a minor, by and through his guardian *ad litem* Jessica Moreno, individually and as successor in interest to Rudy Santillan, Sr., deceased, and Jorge Vicente, individually, for their Complaint against Defendants County of Stanislaus, Danny Anderson, Miguel Garcia, Eric Garcia, Eric Torres, Dustin Willey, Alberto Navarro, Eric Garcia, Benjamin Carnes, Barry Balance, Morin Yom, Colton Hughes, Robert Domingos, and Does 1-10, inclusive,  as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable attorneys' fees, including litigation expenses;

F. For costs of suit; and

G. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: August 18, 2020                  LAW OFFICES OF DALE K. GALIPO

/s/ Dale K. Galipo
_____
Dale K. Galipo
Renee V. Masongsong

DATED: August 18, 2020                  LAW OFFICES OF JAIME LEANOS

/s/ Jaime Leanos
_____
Jaime Leanos

COMPLAINT FOR DAMAGES

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2       Plaintiffs hereby demand a trial by jury.

3

4   DATED: August 18, 2020                LAW OFFICES OF DALE K. GALIPO

5                                          /s/ Dale K. Galipo

6                                          Dale K. Galipo
                                           Renee V. Masongsong
7                                          *Attorneys for Plaintiffs*

8

9   DATED: August 18, 2020                LAW OFFICES OF JAIME LEANOS

10                                         /s/ Jaime Leanos

11                                         Jaime Leanos
                                           *Attorneys for Plaintiffs*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES