UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.S., individually and as successor in interest to Rudy Santillan, Sr., deceased, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS; DANNY ANDERSON; MIGUEL GARCIA; ERIC TORRES; DUSTIN WILLEY; ALBERTO NAVARRO; ERIC GARCIA; BENJAMIN CARNES; BARRY BALANCE; MORIN YOM; COLTON HUGHES; ROBERT DOMINGOS,<br><br>Defendants. | Case No. 1:20-cv-01170-ADA-SKO<br><br>ORDER APPROVING UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF G.S.<br><br>(ECF No. 48) |

Before this Court is Plaintiff G.S.'s and Petitioner Stephanie Brinkerhoff's *Ex Parte* Application for Compromise of the Claims of Minor Plaintiff G.S. (ECF No. 48). Counsel for Plaintiff and Petitioner indicates that Defendants do not oppose the application (ECF No. 48-1 at ¶ 2-3). The Court has reviewed the application, and good cause appearing, hereby GRANTS the Application and makes the following orders:

///

1.      The settlement of minor Plaintiff G.S.'s action against the Defendants, including Defendant County of Stanislaus, in the net amount of $732,736.96, is hereby approved.

3.      Defendants, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $2,500,000 no later than December 15, 2022, payable as follows:

(1)     A draft for $1,767,263.04 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account." These funds shall be used to satisfy (1) the contingency attorneys' fees owed to the Law Offices of Dale K. Galipo and the law firm Morales & Leanos in the amount of $1,000,000; (2) the costs owed to Plaintiffs' attorneys in the amount of $34,526.07; (3) Plaintiff Rudy Santillan, Jr.'s net portion of the settlement in the amount of $732,736.96.

(2)     Defendants will purchase a structured annuity for the minor Plaintiff G.S. in the amount of $732,736.96 from Pacific Life & Annuity Services, Inc. (hereinafter referred to as "Assignee"), which will provide periodic payments to be made by Pacific Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as set forth in "Exhibit A, Option 1" to the Declaration of Renee V. Masongsong and in the table below. The total amount that G.S. will receive after the final payment is made directly to him from the annuity under this proposal is $2,325,600.

4.      Annuity Carrier shall provide periodic payments in accordance with "Exhibit A, Option 1" to the Declaration of Renee V. Masongsong and as set forth in the table below.

5.      All sums and periodic payments set forth in the section entitled "Payments" constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

6. Disbursement drafts will be made payable and will begin being issued directly to G.S. upon reaching the age of maturity according to the payment schedule.

### Periodic Payments to Minor Plaintiff G.S.

| | |
|---|---|
| $50,000 | $50,000, payable semi-annually, guaranteed for four (4) years, commencing on 08/09/2036 with last payment on 02/09/2040 |
| $3,000 | Payable monthly, guaranteed for four (4) years, commencing on 08/09/2040 with last payment on 07/09/2044 |
| $100,000 | Lump sum payment on 08/09/2042 |
| $125,000 | Lump sum payment on 08/09/2044 |
| $250,000 | Lump sum payment on 08/09/2046 |
| $500,000 | Lump Sum payment on 08/09/2048 |
| $806,600 | Lump sum payment on 08/09/2053 |

### Periodic Payments to Stephanie Brinkerhoff as Parent and Guardian

| | |
|---|---|
| $500 | Payable monthly, guaranteed for thirteen (13) years and six (6) months only, commencing on 02/15/2023 with the last payment on 07/15/2036 |

7. Defendants will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendant's liability to make the periodic payments as described in the above table and in the exhibits to the Declaration of Renee V. Masongsong filed concurrently herewith. Such assignment shall be accepted by Plaintiff without right of rejection and shall completely release and discharge Defendant from such obligations hereunder as are assigned to Assignee. This includes that Defendant shall execute a Qualified Assignment document.

///

///

8. Defendants and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

9. Assignee shall be the owner of the annuity policy or policies and shall have all rights of ownership.

10. Assignee may have Annuity Carrier mail payments directly to G.S. when he reaches the age of majority, as set forth above. Stephanie Brinkerhoff (until G.S. reaches the age of majority) and then G.S. shall be responsible for maintaining the currency of the proper mailing addresses and mortality information to Assignee.

IT IS SO ORDERED.

Dated:   December 7, 2022

_____
UNITED STATES DISTRICT JUDGE